RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE 7/14/11
BY ___

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| BENNIE L. SMITH | CIVIL ACTION NO. 10-00199 |
| VERSUS | |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY | JUDGE JAMES T. TRIMBLE, JR. MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Bennie L. Smith ("Smith") protectively filed an application for a Period of Disability and Disability Insurance Benefits ("DIB") on April 16, 2002 asserting an alleged onset date of April 1, 2002. (R. 73A-73D). At the time of the filing, Smith was 31 years old and he complained he was unable to work because of hypertension, headaches, mental impairments including psychosis and visual hallucinations and side effects from his medication.

Smith's application was denied on December 24, 2002 so he sought a hearing before an Administrative Law Judge ("ALJ"). (R. 62, 69). The hearing was initially set for June 30, 2009 but was rescheduled for June 18, 2009 as Smith requested to appear in person rather than by video conference. (R. 42-59). Thereafter, the ALJ rescheduled Smith's hearing for July 9, 2009. (R. 21-29)

Present at the July 9, 2009 hearing were Smith, his attorney, his fiancee, Crystal Carmack, and vocational expert ("VE"), Richard Galloway. Despite Mr. Galloway's presence and the statement on the hearing notice that a VE would testify, the ALJ never sought

testimony from Mr. Galloway. (R. 27, 29, 478).

In an unfavorable decision dated August 31, 2009 (R. 10-16), the ALJ found Smith last met the insured status requirements on September 30, 2005. He had not engaged in substantial gainful activity from the onset date through the date he was last insured. Through September 30, 2005, Smith's following impairments included: post traumatic stress disorder ("PTSD"), right arm nerve damage, psychosis, hypertension and possible Parkinson's disease. However, through September 30, 2005, Smith did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ then found Smith was able to perform a full range of light work through the date he was last insured, September 30, 2005. Through that period of time, he found Smith capable of performing his past relevant work as a sales clerk and sales representative. Thus, Smith was not under a disability from April 1, 2002 through September 30, 2005.

Smith requested a review of the ALJ's unfavorable decision, and on January 12, 2010, the Appeals Council denied that request. (R. 3-6, 476-477). Thus, the decision became the final decision of the Commissioner and Smith sought judicial review of the same.

In his brief (Doc. 17), Smith raises the following issues for judicial review:

1. The ALJ applied an improper legal standard;

2

2. The ALJ erred in not finding the claimant met Listing 12.04;

3. The ALJ erred in finding claimant capable of performing past relevant work as a sales clerk and sales representative;

4. The ALJ failed to consider the side effects of claimant' medications; and

5. The ALJ failed to follow the dictates of Social Security Ruling 83-20.

In response, the Commissioner filed an opposed motion for a fourth sentence remand (Doc. Item 20), seeking a judgment reversing the Commissioner's decision and remanding the case to the Social Security Administration in order for further administrative proceeding.

## Fourth Sentence Remand

In <u>Shalala v. Shaefer</u>, 509 U.S. 292, 296-7, 113 S.Ct. 2625, 2629, 125 L.Ed.2d 239 (1993), the Supreme Court stated the exclusive methods by which district courts may remand to the Commissioner are set forth in sentence four and sentence six of 42 U.S.C. § 405(g), as follows:

> [4] The district court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing.
>
> [6] The court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Commissioner for further action by the Commissioner, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner shall,

after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.

Immediate entry of judgment (as opposed to entry of judgment after post-remand agency proceedings have been completed and their results filed with the court) is the principal feature that distinguishes a sentence-four remand from a sentence-six remand. Shaefer, 509 U.S. at 297, 113 S.Ct. at 2629. Also, Istre v. Apfel, 208 F.2d 517 (5th Cir. 2000).

A sentence four remand must "end the instant action" with a final judgment which affirms, modifies or reverses the final decision of the Commissioner. Shaefer, 509 U.S. at 297-298, 113 S.Ct. at 2629; Istre, 208 F.3d at 519.

In the case at bar, the Commissioner requests a fourth sentence remand (Doc. Item 12), stating in both the brief and the proposed judgment that the matter be reversed and remanded to the Commissioner of Social Security for the purpose of conducting further administrative proceedings. Specifically, a rehearing and a new administrative decision, Thus, in response to Smith's appeal, the Commissioner admits his original decision is not supported by substantial evidence and agrees to a reversal of the decision and a remand for further proceedings.

It is noted in the Commissioner's motion that Smith objects to

the requested remand; however, the grounds for the objection are unknown as Smith failed to file any opposition. A review of his initial brief reveals that Smith argues the ALJ failed to "fully and fairly develop the record in general." (Doc. 17, p. 7). Additionally, he complains the ALJ did not receive testimony from the VE and did not call a medical expert despite the 100% disability rating and granting of unemployability by the Veterans Administration and complex medical evidence. (Doc. 17, p. 8).

Since, by admission of the Commissioner, substantial evidence does not support the conclusions of the ALJ and the Appeals Council, their decision is incorrect as a matter of law and should be reversed and vacated. Because the Smith complains the record is not complete, remand for rehearing and new decision should likewise be granted.

## Conclusion

Accordingly, IT IS RECOMMENDED that the Commissioner's decision be REVERSED AND VACATED pursuant to the fourth sentence of Section 405(g), and the case be REMANDED for further proceedings as set forth above.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served

5

with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 14th day of July, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

6