UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

BENNIE L. SMITH                           CIVIL ACTION 10-0199

VERSUS                                    U.S. DISTRICT JUDGE JAMES T. TRIMBLE, JR.

MICHAEL J. ASTRUE,                        U.S. MAGISTRATE JUDGE JAMES D. KIRK
    Commissioner

REPORT AND RECOMMENDATION ON ATTORNEY FEES

In this case, plaintiff asks the court for an award of attorney's fees under a contingency fee contract pursuant to 42 U.S.C. §406(b) [Doc. # 31].  Claimant's attorney, who spent 27 hours on the case, is requesting an award of $24,458.25 which is 25% of past due benefits of $121,833, less $6,000 which the attorney expects to receive under the Equal Access to Justice Act (EAJA) at the administrative level. While the government does not oppose the award of attorney fees pursuant to the contingency fee contract, it suggests that the amount sought, 25%, could be considered to be excessive,  results in an effective hourly rate of over $900, and may be a windfall to the attorney.

Because claimant was the "prevailing party" in the case, and the government's position in this case was not substantially justified, an EAJA award was ordered by this court on April 16, 2012 in the amount of $4,050 plus $350 in costs. However, neither Smith nor his attorney actually received anything because the entire amount, which by law belongs to the claimant[1], was

---

[1]  See Astrue v. Ratliff, 130 S.Ct. 2521 (2010).

1

used to offset a debt to the United States.[2]

In accordance with the contract, the Commissioner withheld 25% of the award for the attorneys fee. Claimant's counsel believes that $6,000 will be awarded by the Commissioner for additional work at the administrative level pursuant to Section 406(a) and understands that the total award under Section 406(b) and 406(a) cannot exceed 25% [3].

The government raises only the amount of the award as an issue and correctly suggests that any award should be reviewed by the court for its reasonableness under Section 406(b). It suggests that this court determine whether the fee is disproportionate to the number of hours spent by the attorney.

Congress provided for "a reasonable fee, not in excess of 25 percent of accrued benefits" in Section 406(b). Even within the 25%, a claimant must show that the fee sought is reasonable. While a lodestar calculation is made for awards under the EAJA, the Supreme Court has expressly ruled that in 406(b) cases the lodestar method need not be adhered to in calculating a reasonable contingency fee. Gisbrecht v. Barnhart 122 S.Ct. 1817 (2002). Nevertheless, that decision, as Justice Scalia aptly pointed out in his dissent "does nothing whatever to subject these fees to anything approximating a uniform rule of law. 122 S. Ct. at 1829.

Eight years later, in Jeter v. Astrue, 622 Fed .3d 371, (5th Cir. 2010),the Fifth Circuit provided assistance in calculating the fee under Gisbrecht by holding that while Gisbrecht

---

[2] Even if the EAJA fees had been received by Smith, that would not have prevented his attorney from receiving fees under the contingency fee contract. See Judge (now Chief Judge) Stewart's very helpful analysis of the interaction of the EAJA and Section 406 (a) and (b) in Murkeldove v. Astrue, 635 F.3d 784, (5th Cir. 2011).

[3] Rice v. Astrue, 609 F.3d 831, 838 n.29 (5th Cir. 2010).

prohibits "exclusive, primary reliance on the lodestar method to determine the reasonableness of a §406(b) fee award" it did not prohibit the use of the lodestar method altogether. Therefore, "courts may consider the lodestar in their analyses so long as the court can articulate additional factors demonstrating that the excessively high fee would result in an unearned advantage. In other words, the Gisbrecht Court's reference to windfall leaves room for consideration of an effective hourly rate, but only so long as this mathematical calculation is accompanied by consideration of whether an attorney's success is attributable to his own work or instead to some unearned advantage for which it would not be reasonable to compensate him." Id

  In this case, there is no evidence that the fee sought by counsel was unearned and that the result obtained was due to something other than his hard work and persistence. He has attested as an officer of the court that he has been pursuing Social Security benefits for Mr. Smith since 2003, that he is experienced in handling claims before the agency, that he is foregoing a claim on benefits received for Smith's dependents, and that his client does not object to the award of the fee. As to the government's argument that the fee amounts to $906 per hour, if the fee, based on hours worked, were to be computed at normal hourly rates, then an attorney would never be able to earn a fee in excess of the EAJA fee which is calculated using the formula of hours times hourly rate.

  Further, as Judge Benavides pointed out in Jeter, supra, the Supreme Court has noted in Gisbrecht that Congress wrote Section 406(b) to "ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees'." Jeter also observed that statistically, roughly 50% of Social Security claimants will lose their case at the district court level. Therefore, while an effective rate of $906 per hour might at first blush, appear excessive,

awards in successful cases allow the attorneys to handle all the cases and thus ensure that all Social Security claimants are adequately represented and are able to present their case to the courts.

Therefore, I find nothing in the record to indicate that the fee sought is unreasonable, unearned or a windfall to the attorney.

## Conclusion

For the foregoing reasons, IT IS RECOMMENDED that attorney's fees in the amount of $30,458.25, less any award made by the Commissioner under §406(a), be ordered paid to attorney Spruel.

## **OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)© and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.  Providing a courtesy copy of the objection tot he magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT**

**JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on Friday, the 13th day of September, 2013.

```
                                    _____
                                    JAMES D. KIRK
                                    UNITED STATES MAGISTRATE JUDGE
```